IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELLA M. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:08cv165-WC |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

## I.    INTRODUCTION

Plaintiff Ella M. Thomas applied for supplemental security income benefits under Title XVI of the Social Security Act (the Act).  *See* 42 U.S.C. §§ 1381–1383f.  Her application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ).  Following the hearing, the ALJ also denied the claims.  The Appeals Counsel then denied Plaintiff's request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the Court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final

---

[1]  Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction

(Doc. #10); Def.'s Consent to Jurisdiction (Doc. #11).  Based on the Court's review of the

record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of
> Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of "not
> disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or
psychological abnormalities which are demonstrable by medically acceptable clinical and
laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id.*

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id.* at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id.* It also can contain both exertional and nonexertional limitations. *Id.* at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id.* at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id.* at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an

---

[3]     *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4]     *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-three years old and had completed the tenth grade at the time of the hearing before the ALJ. (Tr. 80, 261). Plaintiff has past relevant work experience as a chicken plant laborer. (Tr. 31). The ALJ found Plaintiff had not engaged in substantial

gainful activity during the relevant period. (Step 1). (Tr. 21). At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: essential hypertension with cardiovascular complications; non-insulin dependent mellitus; and obesity. *Id*. The ALJ nonetheless found Plaintiff did not possess an impairment or combination of impairments that meet or medically equaled one of the listed impairments in 20 CFR Part 404. (Tr. 22). Next, the ALJ found that Plaintiff retained the RFC to "perform unskilled work at least at the sedentary strength or exertional level, in function-by-function terms (SSRs 83-10 and 96-9p) with certain postural and environmental nonexertional restrictions associated with that level of exertion." (Step 3). (Tr. 26). At Step 4, after obtaining the testimony of a VE, the ALJ found that Plaintiff could not perform her past relevant work. (Tr. 31). At step 5, after considering Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs that exist in significant numbers in the national economy which Plaintiff could perform. (Tr. 32). Consequently, the ALJ found Plaintiff had not been disabled since the alleged onset date.

## IV.    PLAINTIFF'S CLAIMS

Plaintiff has presented three issues for the Court to consider: (1) whether the ALJ committed reversible error by failing to order a consultative exam; (2) whether the ALJ committed reversible error by failing to order a Psychiatric Review Technique Form; and (3) whether the ALJ committed reversible error when he relied on the testimony of the VE.

V.      **DISCUSSION**

A.      **The ALJ did not err by failing to order a psychiatric review**.

Plaintiff argues that the ALJ erred to the point of reversal when he failed to have a psychologist or psychiatrist review Plaintiff's file because the record contained evidence of the existence of a mental impairment.  Defendant counters that the record contained adequate information on which the ALJ could make a decision without ordering additional psychological review.

"The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision."  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007).  Plaintiff argues there was sufficient evidence of a mental impairment on the record to require the ALJ to order a consultative exam.  Specifically, Plaintiff points this Court to her own testimony, as well as suggestions by her treating physicians as evidence of her mental impairment.  *See McCall v. Bowen*, 846 F.2d 1317, 1320 (11th Cir. 1988) ("Along with [Claimant's] own testimony of mental problems, the suggestions made by her treating physicians might well be enough to require the appointment of a psychiatrist or psychologist.").

In this case, the ALJ was not obliged to order a psychological review because there were not sufficient suggestions of mental impairment in the record "to require the

administrative law judge to question [Plaintiff's] mental capacity and order a consultative examination." *Ingram*, 496 F.3d at 1269.  There is no diagnosis in the record that Plaintiff suffers from a mental illness.  As evidence of a mental impairment, Plaintiff relies on Dr. Haggerty's statements that Plaintiff had "word search difficulty" and was "slow to express herself" (Tr. 248),  and on two occasions mentioned in her medical records in which she forgot to bring her blood sugar levels to her doctor's office,.  (Tr. 228).  Plaintiff also relies on the ALJ's determination that Plaintiff's testimony regarding the existence of memory and concentration problems was credible.

Plaintiff is only partly right regarding the ALJ's determination of credibility.  The ALJ stated that "claimant's assertions regarding the existence of memory and concentration problems are credible;  however, the degree of limitation alleged is not supported by the credible evidence."  (Tr. 22).   Specifically, the ALJ found that the objective medical evidence did not support Plaintiff's claims of severity. *Id*.  Thus, Plaintiff's testimony is not credible evidence of a mental impairment requiring consultative examination.

Further, after making the statements relied upon by Plaintiff regarding her memory and word difficulty, Dr. Haggerty stated that Plaintiff was still "[c]apable of low stress jobs." (Tr. 248).  Dr. Haggerty also indicated that Plaintiff's mental health was not an issue when he completed the RFC form.  (Tr. 248)  Thus, Dr. Haggerty's statements and findings were consistent with the ALJ's determination regarding the severity or existence of Plaintiff's mental limitations.

While the record contains ample evidence concerning Plaintiff's mental abilities, with the exception of her own discredited testimony, it is void of examples of Plaintiff's mental. Thus the ALJ was not required to order a consultative examination. *See Ingram*, 496 F.3d at 1269.   Plaintiff's claim that the ALJ erred by failing to order a psychiatric review is without merit.

**B.    The ALJ did not err by failing to order a Psychiatric Review Technique Form.**

Plaintiff argues that, because she presented a colorable claim of mental impairment, the ALJ was required "to complete a Psychiatric Review Technique Form (PRTF), append it to the decision, or incorporate its mode of analysis into his findings and conclusions; failure to do so requires remand." (Doc. #13 at 6).   Plaintiff's claim here is closely tied to her first claim.   Plaintiff relies on her arguments regarding the presentation of a mental impairment.   Because the Court has rejected Plaintiff's claim that she has presented a colorable claim of mental impairment, *see supra*, the Court finds the ALJ was not required to complete a PRTF.   *See Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005) (*"[W]here a claimant has presented a colorable claim of mental impairment*, the social security regulations require the ALJ to complete a PRTF.") (emphasis added).

**C.    The ALJ did not commit reversible error when he relied on the testimony of the VE.**

Plaintiff argues that the ALJ failed by not asking the VE whether any conflict existed

between his testimony and the *Dictionary of Occupational Titles* (DOT).  The Government concedes that "the vocational expert's testimony 'generally should be consistent' with information in the DOT, [and] SSR 00-4p requires that the ALJ inquire about possible conflicts between the [VE]'s testimony and the DOT."  (Doc. #14 at 13).  The question in this case thus becomes whether the ALJ's failure to inquire as to any possible conflicts constituted reversible error.

If the ALJ was aware of any conflict between the VE's testimony and the DOT, the the ALJ was required to inquire as to the reasons for the conflicts and failure to do so may warrant reversal.  *See Leonard v. Astrue*, 487 F. Supp. 2d 1333 (M.D. Fla. 2007).  However, in this case there is no known or even apparent inconsistency between the DOT and the VE's testimony.  Indeed, Plaintiff fails to point to any inconsistency between the two.  Further, the VE testified that he consulted the Bureau of Labor Statistics census data[5] and that each census code he provided to the ALJ corresponded to the DOT codes.  (Tr. 277).

Because there is no allegation of conflict, and the VE provided substantial evidence of available jobs Plaintiff could perform, this Court finds the ALJ's failure to inquire as to possible conflicts between the DOT and the VE's testimony was harmless error.  *See Renfrow v. Astrue*, 496 F.3d 918, 922 (8th Cir. 2007) ("[T]he ALJ's error in failing to ask the

---

[5] Census reports are a permissible source of information on which the VE can rely.  *See* 20 C.F.R. § 404.1566(d) (2008) ("For example, we will take notice of-- . . . (1) Dictionary of Occupational Titles, . . . ; . . . (3) Census Reports, . . . published by the Bureau of the Census; . . . .").

vocational expert about possible conflicts between his testimony and the Dictionary of Occupational Titles was harmless, since no such conflict appears to exist."); *see also Miller v. Comm'r. of Soc. Sec.,* 241 Fed. App'x 631 n.1 (11th Cir. 2007) (applying the harmless error standard where ALJ found advanced age claimant to be approaching advanced age, because evidence showed other jobs were available that claimant could perform.).

## VI.   CONCLUSION

In addition to reviewing Plaintiff's claims, the Court has carefully and independently reviewed the entire record and concludes the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

DONE this 10th day of March, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE